## WOLTAG v. REICHGOTT.

(Supreme Court, Appellate Term, First Department. November 26, 1915.)

1. DAMAGES ⬅113—MEASURE OF DAMAGES—INJURY TO PERSONALTY.
    Where the plaintiff sued to recover an amount due for work upon a watch, and the defendant counterclaimed for negligent work causing damage to the watch, the measure of damages was the difference between the value of the watch on the market before the work was done and its value thereafter, and not the value of a new watch, where the watch remained in the possession of the defendant.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 90, 91, 279, 280; Dec. Dig. ⬅113.]

2. DAMAGES ⬅113—MEASURE OF DAMAGES—INJURY TO PERSONALTY.
    Where the plaintiff sued to recover an amount due for work upon a watch, and the defendant counterclaimed for negligent work causing damage to the watch, the defendant's offer during the trial to turn the watch over to the plaintiff did not change the rule as to the measure of damages.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 90, 91, 279, 280; Dec. Dig. ⬅113.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Pincus Woltag against Sol Reichgott. From a judgment for defendant, plaintiff appeals. Reversed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Barnett E. Kopelman, of New York City, for appellant.
Louis J. Jacoves, of New York City, for respondent.

SHEARN, J. [1] Plaintiff sued to recover $24.60 for work performed. Defendant counterclaimed, alleging that by poor workmanship plaintiff had damaged a watch and ring turned over to him for plating. The measure of defendant's damage applied was the amount paid by the defendant for another watch and another ring. As it appeared without contradiction that the damaged watch and ring remained in defendant's possession, the correct measure of damage was the difference between the market value of the property in its alleged damaged condition and the value if the work had been performed skillfully.

[2] Defendant's offer during the trial to turn the articles over to the plaintiff did not change the rule of damage. Plaintiff was under no obligation to accept the offer. The case is trivial in amount, but the plaintiff was none the less entitled to have it correctly decided.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.